# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

No. 1D17-5172

———————————————————

REGINALD A. WALKER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————————

On appeal from the Circuit Court for Alachua County.
Phillip A. Pena, Judge.

February 5, 2019

PER CURIAM.

AFFIRMED.

WOLF and M.K. THOMAS, JJ., concur; MAKAR, J., concurs with opinion.

———————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————————

MAKAR, J., concurring with opinion.

Reginald A. Walker, who was convicted of sexual battery in 1991, was later voluntarily designated a sexual violent predator and thereby subject to civil commitment under the Jimmy Ryce Act and held in custody by the Department of Children and Families (DCF). In 2014, he was placed in custody of the Department of Corrections (due to a conditional release violation) where he continues to be held. In 2017, he claimed eligibility for the statutorily-required annual DCF evaluation of his mental condition and fitness to return to society despite being currently in prison; he would have this right if held in DCF's custody. *See* § 394.918(1), Fla. Stat. ("A person committed under this part shall have an examination of his or her mental condition once every year or more frequently at the court's discretion."). As the Second District has held, on a question of first impression, a sexually violent predator who is in prison on a new offense is not entitled to an annual evaluation. The court noted that "Florida statutes do not specify the procedure to employ for a person already determined to be a sexually violent predator, but in prison again for new offenses." *Jackson v. State*, 166 So. 3d 906, 910 (Fla. 2d DCA 2015). It concluded, however, that when a sexually violent predator is "in prison for new offenses, nothing would be gained by conducting the evaluation and related court proceedings" because he "would not be entitled to immediate release." *Id.* Here, it does not appear from the record that Walker is entitled to immediate release, nor is it clear when his potential release from prison—and return to DCF custody—is anticipated. As such, I concur and agree that affirmance of the denial of Walker's requested relief is appropriate, and, as in *Jackson*, we need "not address what procedures DCF must follow when [Walker's] release from prison becomes imminent." *Id.* (noting that "given the dearth of case law addressing these peculiar circumstances and the lack of specific guidance in the applicable statute, the legislature may wish to explore this issue.").

———————————————————

Andy Thomas, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.

Ashley B. Moody, Attorney General, and Daniel Krumbholz, Assistant Attorney General, Tallahassee, for Appellee.